# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTICE SIMPSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VO, MD, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00054-AWI-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT VO'S MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 15) |

I.　Defendant's Motion to Dismiss

　　A.　Procedural History

Plaintiff Artice Simpson ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed April 28, 2005, against defendants Vo and Vahi for acting with deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment. (Doc. 11.) On March 30, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendant Vo ("defendant") filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies.[1] (Doc. 15.) Plaintiff filed an opposition to the motion on May 22, 2006, after being ordered to do so by the Court in an order filed on May 9, 2006.[2] (Docs. 17, 20.)

---

[1] The United States Marshal was unable to locate defendant Vahi for service. (Doc. 19.)

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 11, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 11.)

1

B.     Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.[3] Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

///

---

[3] The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

C.     Discussion

Plaintiff alleges that upon his arrival at the California Correctional Institution ("CCI") on June 3, 2003, he was interviewed by defendants Vo and Vahi, and a blood test was done. Plaintiff alleges that the test revealed he had diabetes, but when he returned and asked defendants about the results, he was assured there was nothing to worry about. Plaintiff alleges that he thereafter began suffering from "diabetic symptoms." (Amend. Comp., Doc. 9, § IV.) Plaintiff alleges he returned and was again assured by defendants that everything was fine. Plaintiff alleges he was subsequently hospitalized several times and treated for serious issues caused by his untreated diabetes. Plaintiff alleges that on July 16, 2003, after he filed an inmate appeal, defendant Vo interviewed him and agreed to provide medication for his diabetes, but failed to follow-up and ensure plaintiff received his medication. Plaintiff alleges that he did not receive the medication and was again hospitalized, in a near-death condition.

Defendant Vo moves to dismiss this action on the ground that plaintiff did not exhaust the claim against him, as mandated by section 1997e(a). In support of his motion, defendant contends that the appeal attached by plaintiff to his amended complaint in support of his assertion that he exhausted is a grievance against Dr. Snow at the California Substance Abuse Treatment Facility ("SATF") and is not related to plaintiff's claim against defendant. Defendant also submits evidence that the appeals office at CCI does not have any record of an appeal filed by plaintiff at a formal level of review concerning his claim against defendant and that the Inmate Appeals Branch, which issues decisions at the final level of review, does not have any record of an appeal filed by plaintiff concerning his claim against defendant. (Motion, Doc. 15, Sampsom Dec., ¶6; Emigh Dec., ¶7.)

The Court finds that defendant has met his burden as the party moving for dismissal. The burden therefore shifts to plaintiff to set forth evidence demonstrating that he satisfied the exhaustion requirement.

In response to the Court's order requiring him to file a response to defendant's motion, plaintiff submitted a cursory opposition accompanied by three Director's level decisions. The first decision, log number SATF 04-01204, was issued on October 19, 2004, and concerns plaintiff's claim that "he is legally entitled to custody credits during his extended stay in the Reception

3

Center . . . ." (Opp., p. 3.) This appeal, which originated at SATF rather than CCI, is not related to plaintiff's claim that while at CCI, defendants Vo and Vahi acted with deliberate indifference by failing to treat his diabetes.

The second decision, log number SATF 04-04296, was issued on February 1, 2005, and concerns plaintiff's claim that he was taken off Disability Placement Program status by Dr. Snow via a form dated July 8, 2004. (Id., p. 4.) This appeal also originated at SATF rather than CCI and is not related to plaintiff's claim against defendants in this action.[4]

The third decision, log number SATF 04-05390, was issued on July 18, 2005, and concerns pre-sentence credits. (Id. at p. 5.) The appeal originated at SATF rather than CCI and is not related to plaintiff's claim against defendants in this action.

Plaintiff has not submitted any evidence demonstrating that he exhausted his claim against defendants Vo and Vahi. The three Director's level decisions submitted by plaintiff do not concern the failure of defendants to provide plaintiff with medical treatment for his diabetes while plaintiff was at CCI. Accordingly, defendant Vo's motion to dismiss shall be granted.

D.  Conclusion

For the foregoing reasons, the Court finds that plaintiff did not exhaust the available administrative remedies concerning his claim against defendant. Because plaintiff's claim against unserved defendant Vahi arises from the same events, the finding that plaintiff failed to exhaust his claim against defendant Vo necessarily results in a finding that plaintiff did not exhaust his claim against defendant Vahi. Accordingly, the Court HEREBY RECOMMENDS that defendant Vo's unenumerated Rule 12(b) motion, filed March 30, 2006, be GRANTED, and this action be dismissed in its entirety, without prejudice, based on plaintiff's failure to exhaust the available administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

---

[4] In addition, the appeal decision was issued on February 1, 2005, and plaintiff filed suit on January 12, 2005. If this appeal had exhausted plaintiff's claim against defendants, dismissal would still be required because plaintiff filed suit prior to the issuance of the decision. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

**days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 26, 2006**               /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE